IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

LUZ LOOPER,

                      Plaintiff,                      OPINION & ORDER

   v.

                                                      12-cv-393-wmc

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

                      Defendant.
───────────────────────────────────────────────────────────

      Pursuant to Federal Rule of Civil Procedure 26, a Protective Order is hereby entered as follows:

      1. <u>Definition of Confidential Information</u>.  "Confidential Information" as used herein means "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R. § 160.103 ("protected health information" and "individually identifiable health information"). "Confidential Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, if they contain individually identifiable health information. "Confidential Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information, if they contain individually identifiable health information.

2. <u>Definition of Document</u>. For purposes of this Order, the term "document" shall be construed in accordance with its definition Federal Rules of Civil Procedure 26 and 34, including but not limited to all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the Federal Rules of Civil Procedure, by agreement, or otherwise.

3. <u>Permissible Use of Confidential Information</u>. The parties may not use or disclose Confidential Information for any purpose other than the instant litigation, except as otherwise provided for herein. Nothing in this Order, however, shall be deemed to restrict in any manner the use by any party of its own documents or materials.

4. <u>Permissible Disclosure of Confidential Information</u>.

   a. Confidential Information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; the parties; the secretaries, paralegal assistants, agents, investigators, auditors, attorneys, other employees, and consultants of such parties to the extent reasonably necessary to render professional services in this litigation; and to Court officials and Court reporters involved in this litigation.

   b. Confidential Information may also be disclosed to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, and to outside consultants or experts retained for the purpose of assisting counsel in this litigation.

5. <u>Confidential Information in Depositions</u>.

   a. During a deposition, a deponent may be shown and examined regarding Confidential Information if the deponent has access to the Confidential

Information as prescribed in Paragraph 4. Deponents shall not retain or copy portions of the transcript of their deposition that contain Confidential Information not provided by them or the entities with which they are affiliated.

    b. At the time of the deposition or within thirty (30) days after receiving a deposition transcript, parties (and deponents) may designate all or portions of the transcript (and exhibits thereto) as containing Confidential Information. Confidential Information within the deposition transcript may be designated by a statement made on the record or by indicating page and line numbers of such information by correspondence. Until expiration of the thirty (30) day period, the entire deposition will be treated as Confidential Information subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information, then none of the deposition transcript or its exhibits (unless the exhibits have previously been designated as Confidential Information) will be considered Confidential Information.

  6. <u>Filing Confidential Information</u>. Any Confidential Information that is filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any such Confidential Information, shall be filed under seal.

  7. <u>Added Parties</u>. This Order shall inure to the benefit of, and be binding upon, any future party or counsel to this litigation, as well as upon any non-party who produces documents in this litigation.

8. <u>Modification Permitted</u>. Nothing in this Order shall prevent any party from seeking modification of this Order to seek additional or different protection under the Federal Rules of Civil Procedure, including that certain information not be disclosed under any circumstances, or from objecting to discovery that it believes to be otherwise improper.

9. <u>Court Retains Jurisdiction</u>. After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information produced pursuant to this Order, for the enforcement of this Order.

ENTERED this 13th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge