IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUZ LOOPER,

                Plaintiff,                    OPINION & ORDER

    v.

                                                      12-cv-393-wmc

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

                Defendant.

---

    *Pro se* plaintiff Luz Looper claims that defendant University of Wisconsin Hospitals and Clinics Authority ("UWHCA"): (1) incorrectly classified her for purposes of Income Continuation Insurance; and (2) failed to accommodate her disabilities.[1] Pursuant to Wis. Stat. §§ 40.07(1m)(c) and (2)(b), UWHCA moves for an order directing the Wisconsin Department of Employee Trust Funds ("WDETF") to release records relating to Looper's Income Continuation Insurance claim, as well as any claim she made for long-term disability benefits. (Dkt. #10.) The records sought are fully described in Attachment A to defendant's proposed order. (*See* Proposed Order (dkt. #12) 2.)

    Section 40.07(1m) permits the WDETF to disclose individual personal information other than medical records if "required to be disclosed under a court order duly obtained upon a showing to the court that the information is relevant to a pending court action." Wis. Stat. § 40.07(1m)(c). Section 40.07(2) also permits the release of medical records "[u]nder a court order, or order of a hearing examiner, that is duly obtained upon prior

---

[1] The court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, because Looper's claims arise out of Title VII, 42 U.S.C. § 2000e *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794(a).

notice to the department and a showing to the court or administrative tribunal that the information is relevant to a pending court or administrative action." *Id.* at § 40.07(2)(b).

Under the express terms of § 40.07, UWHCA must show two things to obtain the requested records: (1) that the information is relevant to a pending court action; and (2) that it has given prior notice to the department for the requested medical records. With respect to the first requirement, the court agrees that the information UWHCA seeks is relevant. Looper essentially claims that her benefits were calculated incorrectly due to sex discrimination, making the non-medical records surrounding her benefits claims at least relevant to calculating damages and any applicable offsets. Her medical records are relevant to assessing her ADA and Rehabilitation Act claims, both with respect to whether she had a disability and, if so, whether reasonable accommodations were made in light of her condition. With respect to the second requirement, it appears that the WDETF has been given prior notice of UWHCA's intent to seek these records. In fact, WDETF's general counsel actually *suggested* that UWHCA seek a court order in response to that request pursuant to Wis. Stat. § 40.07. (*See* Thomas R. Crone Aff. Ex. A (dkt. #11-1).)

Looper offers two other objections to UWHCA's motion. *First*, she contends (without evidentiary support) that UWHCA already has the information it seeks. In response, UWHCA has submitted a sworn affidavit indicating it does not, in fact, possess copies of those records. (*See* Ellen S. Hughes Aff. (dkt. #15) ¶ 4.) *Second*, she states that the discovery sought will unduly burden her and cause substantial injury. The court does not believe the production will be burdensome, given that WDETF, not Looper herself, will need to produce the records in question. As for injury, she briefly invokes the general concept of privacy, but as UWHCA points out, Looper herself has placed her medical status

and claims for benefits at issue in this litigation, making the information discoverable provided it is used by UWHCA and its counsel only for legitimate purposes related to this lawsuit. Therefore, the court will grant UWHCA's motion and order WDETF to provide the records that UWHCA has requested.

At this time, Looper's related, informal request for a protective order preventing this discovery and a stay will be denied; she has not given the court any reason to believe such an order would be appropriate. Nevertheless, the court will enter a protective order regarding the discovery and disclosure of confidential health information, so as to ensure that any protected health information is filed under seal and its use is limited to the present litigation.

ORDER

IT IS ORDERED that:

1) the information sought and described in Attachment A to defendant's proposed order is deemed relevant to the pending lawsuit and should be disclosed pursuant to Wis. Stat. §§ 40.07(1m)(c) and (2)(b); and

2) defendant University of Wisconsin Hospitals and Clinics Authority's motion for discovery (dkt. #10) is GRANTED. The Wisconsin Department of Employee Trust Funds shall release to defendant, within 20 days of this Order, the records described in Attachment A.

3) the protective order attached as Ex. A shall control with respect to health records.

Entered this 13th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge